**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2416**

DUNCAN ERIC SMITH, JR.,

   Plaintiff - Appellant,

  v.

KEVIN VASQUEZ, Officer, in his official and individual capacity,

   Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-01530-CMH-TCB)

Submitted:  August 19, 2021      Decided:  August 25, 2021

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Erlich, Katherine L. Herrmann, THE ERLICH LAW OFFICE, PLLC, Arlington, Virginia, for Appellant.  Robert P. Skoff, Jeffrey R. B. Notz, Assistant County Attorney, PRINCE WILLIAM COUNTY ATTORNEY'S OFFICE, Prince William, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duncan Eric Smith, Jr., commenced this civil action against Officer Kevin Vasquez, alleging unreasonable search and seizure, in violation of 42 U.S.C. § 1983, and false arrest, assault, and battery, in violation of Virginia common law. The district court granted Vasquez's motion for summary judgment, concluding that Vasquez was entitled to qualified immunity on the § 1983 claim and that the remaining claims failed as a matter of law because Vasquez's arrest of Smith was lawful. Finding no reversible error, we affirm.

We review de novo a district court's grant of summary judgment based on qualified immunity. *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012). "Qualified immunity shields officials from civil liability [under § 1983] so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (internal quotation marks omitted). The "qualified immunity analysis typically involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation." *Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he or she is doing violates that right." *Adams*, 884 F.3d at 226 (brackets and internal quotation marks omitted). Upon a review of the record, we conclude that the circumstances were not such that every reasonable officer would have understood that he or she was violating a constitutional right. Accordingly, the district court did not err in finding that Vasquez was entitled to qualified immunity on Smith's § 1983 claim.

We turn next to Smith's claims of false arrest, assault, and battery, in violation of Virginia common law.

> In Virginia, a false imprisonment is the direct restraint by one person of the physical liberty of another without adequate legal justification. Virginia defines a battery as an unwanted touching which is neither consented to, excused, nor justified, and an assault as an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery. A legal justification for the act being complained of will defeat an assault or battery claim.

*Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (citations and internal quotation marks omitted). "Importantly, Virginia recognizes that police officers are legally justified in using reasonable force to execute their lawful duties." *Id.* Moreover, "Virginia law provides a defense to officers who subjectively believed in good faith that their conduct was lawful and whose subjective beliefs were objectively reasonable." *Wingate v. Fulford*, 987 F.3d 299, 312 (4th Cir. 2021) (alterations and internal quotation marks omitted), *petitions for cert. filed*, No. 20-1629 (U.S. May 20, 2021), and No. 20-1685 (U.S. June 4, 2021).

We conclude that the district court did not reversibly err in finding that Vasquez subjectively believed that his custodial arrest of Smith was lawful. And, in light of our determination that Vasquez is entitled to qualified immunity on the § 1983 claim, we conclude that this subjective belief was objectively reasonable. *See id.* (observing that, although there is limited guidance on the scope of Virginia's good faith exception, it appears "congruent with the federal qualified immunity defense").

3

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*